[Sac. No. 20.   Department Two.—June 6, 1896.]

EUGENE J. GREGORY ET AL., APPELLANTS, v. M. H. DIGGS ET AL., RESPONDENTS.

INJUNCTIONS—JURISDICTION OF SUPERIOR COURT—RESTRAINT OF JUSTICE'S COURT—ACTION FOR GOODS SOLD—BREACH OF WARRANTY—COUNTERCLAIM FOR MORE THAN THREE HUNDRED DOLLARS.—The superior court has jurisdiction to enjoin the prosecution of an action in the justice's court for the balance of the purchase price of goods sold, where the defendant has a counterclaim for breach of warranty of the goods in excess of the jurisdiction of the justice's court, and has brought action for damages for such breach in the superior court, and the plaintiff in the justice's court may be compelled to litigate the entire matter in the superior court.

APPEAL from a judgment of the Superior Court of Yolo County and from an order refusing an injunction. W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*Armstrong & Bruner,* and *C. M. Head,* for Appellants.

As the counterclaim exceeded three hundred dollars, an action could not have been brought by respondent in the action in the justice's court, against the plaintiff therein in a justice's court and, therefore, the justice's court had no jurisdiction of the counterclaim. (Code Civ. Proc., sec. 855.) This is a suit in equity, in which the court will mold its judgment to do complete equity between all the parties. (Const., art. VI, sec. 5; *Dashiell* v. *Slingerland,* 60 Cal. 653; *Solomon* v. *Reese,* 34 Cal. 28; *Wilson* v. *Castro,* 31 Cal. 421.) When a court of equity has once obtained jurisdiction, it will do complete justice by deciding the whole case. (*Watson* v. *Sutro,* 86 Cal. 528.) When a court of equity acquires jurisdiction for the purpose of granting an injunction to restrain the collection of the execution, it will retain it, and grant the relief to which the complainant is entitled in order to prevent a multiplicity of suits. (3 Wait's Actions and Defenses, 205; *Mays* v. *Taylor,* 7 Ga. 238; Civ. Code, sec. 3422, subd. 3, sec. 3423, subd. 1; *Lindsay* v. *Stewart,* 72 Cal. 542; 1 Story's Equity Jurisprudence, sec. 64, note.) If plaintiffs could not obtain adequate relief in the action in the justice's court, they are entitled to an injunction to restrain proceedings in that court. (*Kelley* v. *Kriess,* 68 Cal. 216; 2 Story's Equity Jurisprudence, secs. 874, 877, 880, 885, 886; *Reagan* v. *Fitzgerald,* 75 Cal. 232; 3 Pomeroy's Equity Jurisprudence, sec. 1338; 1 Pomeroy's Equity Jurisprudence, secs. 221, 222; High on Injunctions, sec. 74; Adams' Equity, 194, 195; 3 Wait's Actions and Defenses, 205; *Hager* v. *Shindler,* 29 Cal. 55; *Cross* v. *Zellerbach,* 63 Cal. 642, 643.) The remedy in the justice's court is inadequate to afford relief to appellants, because a judg-

ment for the plaintiffs in that court would bar the action of appellants in the superior court; and the plaintiffs in the court below cannot litigate their rights in the justice's court without abandoning a part of their claim; this no court of equity will require them to do. (3 Wait's Actions and Defenses, 179; Code Civ. Proc., secs. 439, 856.)

*E. B. Mering,* for Respondent Diggs.

The injunction cannot be granted on the ground of a multiplicity of suits, because only one action is pending (Civ. Code, sec. 3423; *Lindsay* v. *Stewart,* 72 Cal. 542; *Bradley Salt Co.* v. *Keating,* 16 N. Y. Supp. 795; *Attalla etc. Mfg. Co.* v. *Winchester,* 14 So. Rep. 568); nor on the ground of inadequate relief. The justice's court would grant appellants no relief because they would not come within its jurisdiction; they would not submit their case, but they are not barred from submitting it to the superior court. (*Bradley Salt Co.* v. *Keating, supra; American Water Works Co.* v. *Venner,* 18 N. Y. Supp. 386; *Texas & Pac. Ry. Co.* v. *Kuteman,* 79 Tex. 465; *Galveston etc. Ry. Co.* v. *Dowe,* 70 Tex. 1.)

Temple, J.—In this case a demurrer was interposed to the complaint, which having been sustained, the plaintiffs refused to amend. This appeal is taken from that judgment, as well as from an order refusing an injunction.

Appellant has very little to say in his points in regard to the demurrer, further than that it is not pretended that his complaint does not state a cause of action, and that the burden on that question is on the demurring party. The respondent does not allude to the subject. Looking at the complaint and the demurrer, I see no valid point against the sufficiency of the complaint. The judgment upon the demurrer is, therefore, reversed.

The only question considered in the briefs has reference to the order refusing the injunction. It appears

that plaintiffs purchased from defendants certain pota-
toes, which were warranted to be merchantable and
suitable and fit for the market in Denver. Plaintiffs
paid the purchase price, except the sum of one hundred
and thirty-two dollars. For this sum suit was brought
against plaintiff in the justice court. Appellants ap-
peared and answered, setting up a counterclaim for five
hundred dollars damages for violation of the warranty.
This plea was stricken out by the justice on the ground
that he had no jurisdiction—the demand being for more
than three hundred dollars.

Plaintiffs then brought this action in the superior
court, and asked that the justice be enjoined from pro-
ceeding with the case pending before him, but that the
entire matter may be litigated in the superior court.

In the complaint plaintiffs claim damages in the sum
of five hundred and twenty-five dollars for the alleged
violation of the contract of sale, and if their right to
an injunction is sustained, the effect will be to compel
the plaintiff in the justice's court to plead his demand
in the superior court as a counterclaim and to permit
the whole controversy to be there tried.

If plaintiffs are entitled to this remedy, it is solely
upon the ground that under the peculiar circumstances
of the case the jurisdiction of the justice court is too
limited to afford them relief. They cannot be required
to remit a portion of their demand to enable them to
put in a counterclaim of which the justice has jurisdic-
tion, and a judgment entered in the justice court by
default or consent would probably be a bar to the suit
for damages in the superior court.

But, whether this would be the case or not, the entire
issue is one which the practice here authorizes the par-
ties to have determined upon one trial, and evidently
that cannot be done in the justice's court.

This is a well-known ground of equitable jurisdiction.
It is not a case in which a party being entitled to some
remedy, which only a court of equity can give, and
which having obtained jurisdiction for one purpose

will proceed to adjudicate upon the whole controversy; nor is it a case where a court of equity will interfere to prevent a multiplicity of suits. The demand of the plaintiffs and that of the defendants only involve legal issues; but the defendant Diggs has brought his action in a court which has complete jurisdiction of his case, but has not jurisdiction sufficiently broad to enable it to entertain a counterclaim of the other party—a counterclaim which grows out of the very transaction upon which Diggs' claim is founded—and neither can get relief without having the claim made by the adverse party passed upon.

In such case I think plaintiffs are clearly entitled to the relief sought. If the counterclaim sought to be set up did not grow out of the same transaction and did not involve a trial and determination of the same precise issue, so that the determination of one case could be pleaded as a bar to the other, the case would be different.

Nor do I think the power to enjoin proceedings in such a case is likely to be abused. A bond must be given upon the issuance of the injunction, and if it is wrongfully done, the party will be taxed for costs and damages. By such a bond the demand made by the plaintiff in the justice court may be secured.

The judgment and the order refusing the injunction are reversed.

BEATTY, C. J., and HENSHAW, J., concurred.