[Civ. No. 313. Fourth Appellate District.—May 20, 1930.]

H. B. ENGLEMAN et al., Petitioners, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

Strother P. Walton for Petitioners.

George R. Lovejoy for Respondents.

BARNARD, Acting P. J.—This is an application for a writ of prohibition, based upon the following facts:

On December 29, 1929, there occurred in the city of Fresno an automobile collision between an automobile driven by petitioner, H. B. Engleman, and another automobile driven by Wm. H. Johnson. On March 11, 1930, the said Wm. H. Johnson began an action in the Superior Court of Fresno County against H. B. Engleman and one E. V. Moore, claiming damages in excess of $10,000 on account of injuries to himself and his property, resulting from said collision. After summons in said action had been served on the said H. B. Engleman, and on the fourteenth day of March, 1930, petitioners herein began an action in the justice's court of

the third township of the county of Fresno, against the said Wm. H. Johnson, claiming damages in the sum of $966.50 on account of damages sustained by petitioners arising from injuries received by their minor child, in the same collision. On April 4, 1930, the said Wm. H. Johnson filed in said action in the Superior Court a supplemental complaint asking that petitioners be restrained from prosecuting the above-mentioned action in the justice's court. In this supplemental complaint it was alleged that the collision described in the complaint filed in the justice's court was the same identical collision, transaction and event described in the original complaint in the Superior Court; that the justice's court had no jurisdiction of Johnson's claim because of the amount thereof; that the Superior Court did have jurisdiction to entertain the claim of Engleman by way of either cross-complaint or counterclaim; and that a failure to plead his cause of action in the justice's court might result in Johnson being barred because his claim grew out of the same transaction as the one set up by Engleman in the justice's court. An injunction was issued by the Superior Court restraining petitioners from taking any further steps or proceedings in said justice's court action, during the pendency of said action in the Superior Court, or until the further order of that court. Thereupon, this petition was filed, asking that respondents be prohibited from taking further proceedings on said supplemental complaint and from enforcing the above-mentioned injunction.

It is conceded by petitioners that Christine Engleman, as the wife of H. B. Engleman, was a proper but not a necessary party in said justice's court action, and that this matter should be determined on the real point in dispute, without pressing the claim that the parties are not the same.

The claims of the respective parties hereto arise out of the same transaction and out of the same accident, within the meaning of sections 438 and 442 of the Code of Civil Procedure. (*Morris* v. *Warner,* 207 Cal. 498 [279 Pac. 152].)

A somewhat similar controversy was passed upon by the Supreme Court in the case of *Gregory* v. *Diggs,* 113 Cal. 196 [45 Pac. 261]. In that case the defendant therein had sued the plaintiff therein in a justice's court for a balance of $132 on the purchase price of certain goods. The plaintiff in that

action had appeared in the justice's court setting up a counterclaim for $500 damages, for breach of warranty. This plea having been stricken out by the justice on the ground that he had no jurisdiction in an amount over $300, an action was filed in the Superior Court asking that the justice be enjoined from further proceeding with the case before him, but that the entire matter be litigated in the Superior Court. The court held that the jurisdiction of the justice's court was too limited to afford relief to the parties, and that the action should be tried in the Superior Court.

Petitioners contend that the case just cited has no application to the facts here under consideration, for the reason that the decision in that case refers only to a counterclaim and not to a cross-complaint. It is argued that the essential difference between a cross-complaint and a counterclaim consists in whether or not affirmative relief is demanded. It is further argued that under section 442 of the Code of Civil Procedure, one entitled to set up a cross-complaint has the option either to file such a pleading or to file a separate suit, while the holder of a counterclaim has no such option. It is contended that this right to file a separate suit is an absolute one, that may not be taken from him. It is therefore argued that since petitioners were demanding affirmative relief, they had the right to either file a cross-complaint or a separate action, and that their right to file a separate action in the justice's court was one that the Superior Court was without power to interfere with. This is the only question presented on this application.

We are unable to follow petitioners in their conclusion that the fact that they are asking affirmative relief is determinative of this matter. As we read the case of *Gregory* v. *Diggs,* although a counterclaim is mentioned therein, the decision does not rest upon the proposition that affirmative relief was not asked for. As a matter of fact, the plaintiff therein appears to have been seeking some affirmative relief. If he had desired merely to offset his adversary's claim, the matter could have remained in the justice's court. He, however, demanded $525, which was beyond the jurisdiction of the lower court. Whether he could obtain the excess under the provisions of section 666 of the Code of Civil Procedure, or otherwise, was not the decisive point. The case was de-

cided entirely on the ground that under the circumstances existing the jurisdiction of the justice's court was too limited to afford relief to the parties.

The parties here are in the same position. While an earlier trial may be had in the justice's court, the claim of Johnson is not within the jurisdiction of that court, he should not be compelled to remit the greater part of his claim in order to appear there, and no part of his claim should be barred by his failure to there set it up. As the court said in *Gregory* v. *Diggs, supra:*

"If plaintiffs are entitled to this remedy, it is solely upon the ground that under the peculiar circumstances of the case the jurisdiction of the justice court is too limited to afford them relief. They cannot be required to remit a portion of their demand to enable them to put in a counterclaim of which the justice has jurisdiction, and a judgment entered in the justice court by default or consent would probably be a bar to the suit for damages in the superior court.

"But, whether this would be the case or not, the entire issue is one which the practice here authorizes the parties to have determined upon one trial, and evidently that cannot be done in the justice's court.

"This is a well-known ground of equitable jurisdiction. It is not a case in which a party being entitled to some remedy, which only a court of equity can give, and which having obtained jurisdiction for one purpose will proceed to adjudicate upon the whole controversy; nor is it a case where a court of equity will interfere to prevent a multiplicity of suits. The demand of the plaintiffs and that of the defendants only involve legal issues; but the defendant Diggs has brought his action in a court which has complete jurisdiction of his case, but has not jurisdiction sufficiently broad to enable it to entertain a counterclaim of the other party—a counterclaim which grows out of the very transaction upon which Diggs' claim is founded—and neither can get relief without having the claim made by the adverse party passed upon.

"In such case I think plaintiffs are clearly entitled to the relief sought. If the counterclaim sought to be set up did not grow out of the same transaction and did not involve a trial and determination of the same precise issue, so that

the determination of one case could be pleaded as a bar to the other, the case would be different.''

It appears to us that the position of respondents here is even stronger than that of the successful party in the case just referred to. In this case the action had already been started in the Superior Court, and petitioner H. B. Engleman had been served with summons. That court has full jurisdiction to afford all of the parties relief, and the action of Engleman in thereafter starting a suit in the justice's court is not only unnecessary, but its effect is to actually interfere with the proceedings pending in the Superior Court. He bases his action on the contention that under section 442 of the Code of Civil Procedure he has an absolute right to start a separate action, instead of setting up his claim in a cross-complaint in the existing action. The real purpose of section 442 is to enable all such matters as arise from the same transaction or accident to be determined in a single action and by a single judgment, which may also give to a defendant the affirmative relief to which he may be entitled. (*Lowe* v. *Superior Court,* 165 Cal. 708 [134 Pac. 190].) While section 442 has been amended since that case was decided, its purpose has not been changed. Even if the petitioner, H. B. Engleman, has a right to start a separate suit, instead of setting up his claim by way of cross-complaint, no reason exists why this right is vested or why it is not subject to the general powers of the Superior Court. In the case of *Gregory* v. *Diggs,* the fact that the defendant originally had a right to bring his action in the justice's court was not conclusive against the power of the Superior Court to exercise its right of injunction.

''There are, however, special circumstances in which a resort to the injunctive jurisdiction may still be necessary, in order to prevent a failure of justice. These cases may, I think, be reduced to a few general classes: 1. Where it is essential to promote the ends of justice that an entire controversy should be determined in one proceeding, so that, the rights and duties of all parties interested may be finally settled, it may be necessary to restrain other suits, so as to prevent the pendency of two or more actions involving the same subject matter, or to prevent a partial litigation of the controversy, or to prevent a multiplicity of suits depending

upon the same facts or principles." (Pomeroy's Equity Jurisprudence, 4th ed., par. 1371.)

Under our practice the parties are entitled to have the entire issue, arising as it does from one accident, determined upon one trial, and this may only be done in the Superior Court, which also happens to be the court in which the proceeding originated.

While respondents allege that Johnson would suffer loss if compelled to set up his claim in the justice's court, in that it grows out of the same transaction, and might be barred if not set up, the rule here controlling rests upon the principles of orderly administration of justice, rather than upon considerations of damage.

"Where a court whose power is adequate to the administration of complete justice in the premises has acquired jurisdiction of a case, the litigation should be confined to that forum, and any attempt by either party to divert the litigation to another court will be restrained by injunction. . . . The observance of this rule is essential to the due and orderly administration of justice and the integrity of judgments and decrees, and in order to render valid its operation it is not essential that the element of irreparable damage should be involved." (32 Cor. Jur., p. 87, sec. 77.)

We are of the opinion that the petitioners are not entitled to the relief sought. The application for a writ of prohibition is denied and the alternative writ is discharged.

Marks, J., and Owen, J., *pro tem.*, concurred.