[S. F. No. 14944.   In Bank.—January 20, 1934.]

GEORGE C. TODHUNTER, Respondent, v. D. S. SMITH,
Appellant.

692

McEnerney & Morris for Appellant.

Vincent W. Hallinan and James J. Roach for Respondent.

SEAWELL, J.—Defendant D. S. Smith appeals from a judgment of the Superior Court of the City and County of San Francisco awarding plaintiff George C. Todhunter $500 as damages for personal injuries suffered by plaintiff by reason of an automobile truck which he was driving colliding with an automobile driven by defendant Smith at a street intersection in the city of San Francisco. The sole point urged upon this appeal is that the superior court erred in ruling that a judgment of the Municipal Court of San Francisco in an action between the same parties arising out of the same collision was not a bar to plaintiff Todhunter's recovery of damages for personal injuries in the action herein.

D. S. Smith, defendant in the action herein, commenced suit in the justice's court against Todhunter to recover $800 for the total destruction of his automobile. Before Todhunter filed his answer the municipal court was established in San Francisco, and all pending justice court actions were transferred to the municipal court by constitutional provision. (Art. VI, sec. 11, Const.) By his answer in the municipal court action Todhunter prayed that plaintiff take nothing, and "by way of cross-complaint" prayed judgment against plaintiff for $100 for damages done to his autotruck. The municipal court heard the action sitting without a jury and entered judgment as follows: "It is adjudged that D. S. Smith recover from Geo. Todhunter nothing; each party pay costs." No appeal was taken from said judgment.

Smith, defendant and appellant in the superior court action herein, contends that Todhunter should have set up his claim for personal injuries in the municipal court action.

Section 439 of the Code of Civil Procedure provides as follows: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." (See sections 855 and 856, Code of Civil Procedure, governing counterclaims in justice's court actions until their repeal in 1933.) But for the fact that Todhunter in his complaint filed in the superior court prays for damages for personal injuries in the sum of $10,900, which is beyond the jurisdictional limit of the municipal court, we are of the view that section 439, *supra*, would be a bar to prosecution of said action for personal injuries.

Under the 1927 amendment to section 438 of the Code of Civil Procedure, the sole requisites of a counterclaim are that it "must tend to diminish or defeat the plaintiff's recovery, and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action". (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474]; *Luse* v. *Peters, ante,* p. 625 [28 Pac. (2d) 357].) Upon counterclaim a defendant may recover damages exceeding the plaintiff's demand. (Secs. 626, 666, 857a, Code Civ. Proc.) In an action for damages to plaintiff's automobile sustained in a collision with defendant's automobile, defendant's separate causes of action for damages to his automobile and for personal injuries sustained in the collision arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, under the provisions of section 438, subdivision 1, as it read before the 1927 amendment. Under section 439, which continues in force, counterclaims of this nature must be set up unless they exceed the jurisdictional limit of the court in which the complaint is filed. Where separate causes of action for personal injuries and for damages to the automobiles involved arise from an automobile collision, such accident may be said to be the "transaction" out of which said causes arise. (*Engleman* v. *Superior Court,* 105 Cal. App. 754 [288 Pac. 723]; *Morris* v. *Warner,* 207 Cal. 498, 503 [279 Pac. 152]; *Story & Isham Commercial Co.* v. *Story,* 100 Cal. 30 [34 Pac. 671].) Although the allegations upon which Todhunter relied in the municipal court to recover for damage to his automobile were set forth "by way of cross-

694

complaint'', the character of a pleading is determined from its allegations regardless of the designation given it by the pleader. (*Terry Trading Corp.* v. *Barsky, supra,* at p. 434; *Luse* v. *Peters, supra,* at p. 359 of 28 Pac. (2d).)

█ in the action for personal injuries filed in the superior court Todhunter prayed for damages in the sum of $10,900. The jury returned a verdict in his favor for $500. However, appellant herein raises no issue as to the good faith of Todhunter. It may well be that although Todhunter did not reasonably believe that he was injured to the extent of $10,900, he nevertheless was of the view that he had a legitimate claim exceeding $2,000. In this situation the rule that the *ad damnum* clause of the complaint is the test of jurisdiction must prevail. (7 Cal. Jur. 692, and cases there cited.)

█ There is authority which holds that where the defendant in a justice court action has a counterclaim arising out of the transaction upon which the complaint is founded which is beyond the jurisdictional limit of the justice court, such defendant may bring an action in the superior court and compel the plaintiff in the justice court action to litigate the entire controversy in the superior court. To this end such defendant may procure an injunction restraining further prosecution of the justice court action. (*Gregory* v. *Diggs,* 113 Cal. 196 [45 Pac. 261]; *Engleman* v. *Superior Court, supra.*) No reason exists why the same rule should not apply where the original action is in the municipal court. But it is not necessary that the defendant should resort to this procedure and apply for the extraordinary remedy of injunction. He may permit the action in the inferior court to go to judgment. If he adopts this course the final judgment of the inferior court, although not a complete bar to subsequent prosecution in the superior court of his cause of action arising from the same accident, is nevertheless conclusive and binding upon him in so far as the subsequent action involves issues adjudged and determined in the prior action. █ By virtue of the doctrine of *res judicata* the final determination of a court of competent jurisdiction necessarily affirming the existence of any fact is conclusive evidence of the existence of that fact when it is again in issue in subsequent litigation between the same parties in the same or any other court. The facts decided

in the first suit cannot be disputed or relitigated although the later suit is upon a different cause of action. (*Estate of Clark,* 190 Cal. 354, at p. 360 [212 Pac. 622]; *Horton* v. *Goodenough,* 184 Cal. 451, at 461 [194 Pac. 34]; *Price* v. *Sixth Dist. Agricultural Assn.,* 201 Cal. 502 [258 Pac. 387]; *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718]; 15 Cal. Jur. 134, 136; 2 Freeman on Judgments, 5th ed., 1425.) The doctrine of *res judicata* has a double aspect. ▉ A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. (See authorities cited *supra,* this paragraph. ▉ The final adjudication of an inferior court made within its jurisdiction is binding and conclusive upon a higher court in a subsequent action. (2 Freeman on Judgments, 5th ed., 1336; 15 Cal. Jur. 107; *Wiese* v. *San Francisco Mus. Soc.,* 82 Cal. 645 [23 Pac. 212, 7 L. R. A. 577].) The determination of an issue presented in a former action by the defendant by way of counterclaim or cross-complaint against the plaintiff is *res judicata* as fully as if determined in a separate action brought by defendant against plaintiff. (*Lamb* v. *Wahlenmaier,* 144 Cal. 91, 94 [77 Pac. 765, 103 Am. St. Rep. 66]; 15 Cal. Jur. 157.)

▉ In the superior court action herein, the right of plaintiff Todhunter to recover for personal injuries sustained by him in the automobile collision depended upon his establishing the negligence of appellant Smith and his own freedom from contributory negligence. These are the identical issues which were involved in the municipal court action, wherein Todhunter sought damages for injury to his automobile truck sustained in the same collision upon allegations set forth by him ''by way of cross-complaint'', which in legal effect constituted a counterclaim. By the judgment of the municipal court he was denied recovery. Smith having advanced the plea of *res judicata* by his answer in the superior court action herein, Todhunter cannot relitigate these issues. (See *Allamong* v. *Falkenhof,* 39 Ohio App. 515 [177 N. E. 789, 791].)

▉ It cannot be held that because the judgment in the municipal court did not expressly provide that Todhunter

take nothing upon his counterclaim that said court failed to determine the claim on its merits. Todhunter's claim for $100 for injuries to his automobile truck was a counterclaim within the jurisdiction of the municipal court, which he was required to set up under section 439, of the Code of Civil Procedure. By its silence the court decided said claim against him. (*Ernsting* v. *United Stages, Inc.*, 206 Cal. 733, 737 [276 Pac. 103].) Had the court intended only to rule against Smith on his complaint it would not have provided that each party pay his costs. The prevailing party in the municipal court is allowed his costs. (Sec. 831d, Code Civ. Proc.)

The judgment that plaintiff Todhunter recover damages in the sum of $500 is reversed, with directions to the court below to enter judgment for defendant that plaintiff take nothing.

Langdon, J., Curtis, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.