[Civ. No. 9974. Second Appellate District, Division Two.—November 27, 1934.]

FRANCIS MARTIN, Appellant, v. AL ROSEN, Respondent.

Loeb, Walker & Loeb and Walter S. Hilborn for Appellant.

MacCarthy & Rosen and Franklin B. MacCarthy for Respondent.

WILLIS, J., *pro tem.*—Respondent sued appellant in the Municipal Court of the City of Los Angeles in case numbered 334809 of the files of that court for the recovery of $525, alleged balance unpaid on an employment agency contract. Appellant answered denying any indebtedness and pleaded illegality of the contract sued upon, and then commenced an action in the superior court against respondent to recover the sum of $2,520, alleged to have been paid by him to respondent under the same contract sued upon in the municipal court action, which contract it is alleged is illegal and void by virtue of the provisions of section 11 of Act No. 2349 of the General Laws of California, relating to employment agency contracts. A temporary restraining order was issued therein restraining respondent, during the pendency of that action, from further proceedings in the municipal court. A demurrer to the complaint was sustained without leave to amend and judgment was entered that appellant take nothing, from which appeal has been taken. On motion in the court below the temporary restraining order was vacated. Appellant by this proceeding now seeks similar injunctive relief pending the appeal. A temporary restraining order and order to show cause was issued herein, and the matter is submitted after hearing thereon.

By article VI, section 4b, of the Constitution, District Courts of Appeal have power to issue writs of *mandamus, certiorari,* prohibition and *habeas corpus,* and all other writs necessary or proper to the complete exercise of their appellate jurisdiction. In respect to the same power granted to the Supreme Court, it has been held that this constitutional provision authorizes issuance of the writs enumerated therein where no other appropriate or adequate remedy has been provided, but limits the power of the Supreme Court to issue the nonenumerated writs to cases only in which it is necessary and proper to the complete exercise of its appellate jurisdiction. (*Hyatt* v. *Allen,* 54 Cal. 353.)

There are a number of early decisions of the Supreme Court, falling into a group because of similarity of results, which appear to deny the existence of power in appellate

courts to issue the writ of injunction as distinguished from the writ of *supersedeas*. These cases begin with *Hicks* v. *Michael,* 15 Cal. 107, holding that the legislature had not given that court power to grant a temporary injunction pending appeal from an order denying the same injunction, and followed· by *Swift* v. *Shepard,* 64 Cal. 423 [1 Pac. 493], which cites the Hicks case, *supra,* as authority, deciding that to stay operation of a perpetual injunction on appeal from the judgment granting it would in effect modify such judgment before the appeal was heard, and that in such an appeal there existed no impediment to the exercise of appellate jurisdiction. This was followed by *Dulin* v. *Pacific W. & C. Co.,* 98 Cal. 304 [33 Pac. 123], denying a *supersedeas* in an appeal from a judgment adjudging which of two parties had been elected director of a corporation on the ground that it was sought to perform the functions of an injunction to restrain the party to the action from asserting rights other than those of using process of the court to enforce the judgment, and that appellant had no greater present right to an injunction against his rival than he had before judgment. Next came *Rose* v. *Mesmer,* 131 Cal. 631 [63 Pac. 1010], which cites the Dulin case as authority, in which the court refused a restraining order, pending appeal from a judgment adjudging that none of the parties had any right to maintain a certain dam then existing on a creek, to˙ restrain a threatened removal of such dam, holding that such action would be exercising original jurisdiction to enjoin a trespass, of which jurisdiction such court was lacking. The last of this group is *Southern Pac.. Co.* v. *Smith,* ·171 Cal. 8 [151 Pac. 426], which relies. on the Hicks case for authority, in which *supersedeas* was denied on appeal from a judgment denying injunctive relief on the ground that to grant such .relief would not be relief in aid of appellate jurisdiction and because the court had no original jurisdiction in injunction matters.

In the light of these cases. denying the use of injunctive relief in the instances therein described, the vital question presented by the application herein arises. It may be stated as follows: May the appellate court exercise the power of injunction as an aid to its appellate jurisdiction, by issuance of a restraining order to restrain respondent

in a case on appeal from the superior court from further proceedings in another case between the same parties pending in a municipal court, which involves the same subject-matter and embraces the same issues of fact as those in the appealed case but in which the municipal court has not jurisdiction to grant the full relief sought in the appealed case? Or, stated in another form: Is the issuance herein of such writ of injunction necessary or proper under the stated circumstances to the complete exercise of our appellate jurisdiction?

That relief by injunction of the character above described may be granted by superior courts under the circumstances above stated has long been recognized in this state and extensively used in practice since the organization of the municipal courts in 1925. (*Gregory* v. *Diggs,* 113 Cal. 196 [45 Pac. 261] ; *Engleman* v. *Superior Court,* 105 Cal. App. 754 [288 Pac. 723] ; *Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916].) In the latter case the court said: "There is authority which holds that where the defendant in a justice court action has a counterclaim arising out of the transaction upon which the complaint is founded which is beyond the jurisdictional limit of the justice court, such defendant may bring an action in the superior court and compel the plaintiff in the justice court action to litigate the entire controversy in the superior court. To this end such defendant may procure an injunction restraining further prosecution of the justice court action. (*Gregory* v. *Diggs,* 113 Cal. 196 [45 Pac. 261] ; *Engleman* v. *Superior Court, supra.*) No reason exists why the same rule should not apply where the original action is in the municipal court." It has also been held that the superior court, sitting as a court of equity, has the power to suspend the operation of an injunction to which it has decided a party is entitled, pending an appeal from the judgment, for the purpose of preserving the *status quo* of the subject-matter of the action and protecting the appellant from having his right of appeal rendered nugatory or merely nominal if he should succeed. (*Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725].)

In respect to similar power in appellate courts, it was held at an early date by the Supreme Court that in the absence of any specific prohibition in the Constitution that

court would undoubtedly have the power to issue all writs necessary to the complete exercise of its jurisdiction, and that the present clause in the Constitution does not affect the power of the court in that respect. (*Hyatt* v. *Allen, supra.*) And it has since been repeatedly held that the appellate courts have inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right, by issuance of writs to restrain the enforcement of judgments pending appeal. (*Hill* v. *Finnigan,* 54 Cal. 493; *Luckenbach* v. *Krempel,* 188 Cal. 175 [204 Pac. 591], and cases therein cited; *Messenkop* v. *Duffield,* 211 Cal. 222 [294 Pac. 715].) In *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653], the court, in granting an application for *supersedeas,* approved the rule announced in *Hill* v. *Finnegan, supra,* and following this the court later, in *Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2], decided that under the rule stated in *Nonpareil Mfg. Co.* v. *McCartney, supra,* it had power to grant the writ of *supersedeas* under the circumstances of that case in order to preserve the *status quo* until the final determination of the action. In *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161], it was held that the writ of *supersedeas* may issue in aid of appellate jurisdiction when it appears necessary to preserve the rights of a litigant, and therein the court quoted with approval the statement in the case of *Segarini* v. *Bargagliotti, supra,* to the effect that such writ may be granted to preserve the *status quo* pending appeal.

To the same effect see the opinion of the late Presiding Justice Works in the case of *In re Albori,* 95 Cal. App. 42 [272 Pac. 321], wherein the writ of probable cause was held to be issuable under an appropriate state of facts to enable a complete exercise of appellate jurisdiction, and as a means of preserving the fruits of victory in the event of a reversal of the judgment appealed from.

The writ of *supersedeas* and the writ of probable cause are among the "other writs" mentioned in the constitutional provision above referred to. Each is an auxiliary process designed to supersede the enforcement of the judgment of a trial court brought up for review. We have noted from the foregoing authorities that the appellate courts have inherent as well as constitutional power, in the exercise of

their appellate jurisdiction, to stay proceedings on the judgment or order appealed from, for the purpose of preserving the *status. quo* of the case pending appeal and thus secure to appellant the fruits of victory on such appeal. And we readily recognize that this object and purpose constitutes the distinguishing features between these later cited cases and the group cited earlier herein; for in the earlier group there was absent the purpose and object which motivated the action of the court in the later cited cases. The writ of injunction is likewise one of the other writs included in the constitutional provision. If, as hereinabove shown, there exists power in appellate courts to issue the writs of *supersedeas* and probable cause in aid of their appellate jurisdiction to stay proceedings or execution on the judgment or order appealed from in order to preserve the *status quo* of the subject-matter of the action, and to ''secure to the appellant the fruits of an appeal'', there surely can be no obstacle in the way of those courts to the issuance of the writ of injunction restraining a respondent from doing acts, during pendency of an appeal, extrinsic to execution of the judgment appealed from and therefore outside the realm of *supersedeas*, which will destroy the *status quo* of the subject-matter being litigated and result in depriving appellant of the fruits of a successful appeal.

We are convinced, therefore, that power exists in this court to preserve the *status quo* of the case on appeal as it existed at the commencement of the action in the court below, and that the facts of this case require its exercise.

It is ordered that a writ of injunction issue herein enjoining and restraining respondent and his attorneys and agents from trying or proceeding further with action numbered 334809 of the files of the Municipal Court of the City of Los Angeles, during the pendency of this appeal.

Stephens, P. J., and Crail, J., concurred.