[Civ. No. 6998.   Third Dist.   Apr. 21, 1944.]

N. N. S. MATCOVICH, Appellant, v. CALIFORNIA EMPLOYMENT COMMISSION et al., Respondents.

R. H. Schwab for Appellant.

Robert W. Kenny, Attorney General, Clarence A. Linn, Deputy Attorney General, Forrest M. Hill and Doris H. Maier for Respondents.

ADAMS, P. J.—Appellant filed in the Superior Court of Sacramento County a pleading denominated a "Petition for Writ of Mandate or Writ of Injunction," and, in the prayer thereto, asked that "an Alternative Writ of Mandamus" issue out of that court directed to the California Employment Commission and its named members commanding them to dismiss the certain applications for relief alleged to have been filed with said respondents, or for a writ of injunction restraining and enjoining said respondents from passing upon said applications.

The petition alleges that petitioner is and has been for more than four years in the business of operating a taxi dance hall in Sacramento; that during said time he granted "licenses" to women who desired the privilege of dancing with patrons of said dance hall, for which said privilege said women paid him a sum agreed upon as "rental"; that this "license" recited that it was the intent thereof that licensees should not become employees of the licensor and that they should not become subject to his control; that no other agree-

ment, oral or written, was ever entered into between petitioner and said dancers insofar as the privilege of dancing in said premises is concerned; that at no time has the relationship of employer and employee ever existed between said women taxi dancers and petitioner; that the Superior Court of Sacramento County, in the case of *California Employment Commission* v. *N. N. S. Matcovich, etc.,* held that the said women dancers in petitioner's dance hall were not employees; that there has been no change in the relationship between said taxi dancers and petitioner since said decision was rendered, and that he has not employed taxi dancers; that prior to the filing of this petition three named women, Rose May Reynolds, Kleta Kinney Guzman and Eva H. Pendergast filed applications with respondent commission for relief under the California Unemployment Insurance Act; that at the time said applications were filed respondent knew that said named persons were not employees of petitioner, and knew that said individuals entered into the contract above mentioned "and that by reason thereof, respondents knew that they had no jurisdiction to hear any of said applications"; that said Rose May Reynolds, Kleta Kinney Guzman and Eva H. Pendergast heretofore entered into contracts with petitioner and pursuant to the privilege thereby granted, danced with patrons of petitioner in his dance hall; that "notwithstanding the objection of your petitioner that it has heretofore been established that the relationship of employer and employee did not exist, said respondents continue the hearing, entertaining and passing upon said applications, and will continue to pass upon said applications to a final determination. That said respondents are without jurisdiction to hear or entertain said applications, in that it has been established that the relationship of employer and employee did not and does not exist between your petitioner and said taxi dancers. That as a result thereof, your petitioner incurred a large expense, loss of time and inconvenience, all to his irreparable loss and damage." Also, that because of the facts above alleged, respondents are charged with a specific legal duty in that they should dismiss the said applications alleged to have been filed before them; that there were some forty taxi dancers who had entered into agreements similar to the one set forth who danced in petitioner's dance hall, and that any or all of them could file applications for relief notwithstanding that the court had held that the employer and employee

relation did not exist, unless respondent is enjoined from accepting such applications; that if such applications are filed it becomes necessary for petitioner to contest them, and petitioner has no other means or method of preventing the filing of similar applications; that said respondents have refused to dismiss said applications; that petitioner has no plain, speedy or adequate remedy at law, and unless respondents are compelled to dismiss said applications or enjoined from hearing or passing upon them, petitioner will be put to great expense, etc.

To said petition respondents demurred both generally and specially, alleging that the court had no jurisdiction over the subject matter of the action, and that petitioner had a plain, speedy and adequate remedy in the ordinary course of law. Respondents' demurrer was sustained without leave to amend, and petitioner has appealed.

In his brief before this court appellant contends, as his petition alleges, that the California Employment Commission has no *jurisdiction* to hear the applications for relief made to it by the three named applicants; that this lack of jurisdiction is due to the fact that in an action in the superior court between petitioner and said commission that court held that the relationship of employer and employee did not exist between him and women taxi dancers licensed to dance in his dance hall, and that said decision is conclusive and operates as a bar which deprives the commission of jurisdiction to "accept and hear applications for relief"—that the former decision by the superior court is res judicata by reason of the provisions of section 1908 of the Code of Civil Procedure, though the named women applicants were not a party to that action. After citing *Todhunter* v. *Smith,* 219 Cal. 690, 694 [28 P.2d 916], to the effect that "the final determination of a court of competent jurisdiction necessarily affirming the existence of any fact is conclusive evidence of the existence of that fact when it is again in issue in subsequent litigation *between the same parties in the same or any other court*" (italics ours), appellant says in his brief that the issue in *this case* was an issue between the same parties that were involved in the prior litigation; that the trial court there found that the relationship of employer and employee did not exist between him and the women who danced in his place of business, that the trial court in this case is bound by that finding and that it is binding upon respondents. He then states:

"Hence before it [the commission] could accept applications for relief, it became necessary to establish that that relationship had been changed. So far as the petition herein is concerned, the demurrer admits that there has been no change. If this can be established by a trial of that issue, then the respondent would have no jurisdiction to hear säid applications. Said applicants' rights if any they have are protected in this proceeding. This proceeding will determine whether or not they are employees. If they are employees they are entitled to relief, otherwise not. Petitioner should not be compelled to contest each application filed where it has been definitely established by Superior Court that he carries on his business with independent contractors and not with employees."

Again, in his closing brief, he states: "The real question here involved, is whether the former judgment is *res adjudicata* until such time as it is shown that the conditions existing subsequent to said judgment were changed. It takes evidence to show that." He also urges that it was the duty of the lower court to overrule the demurrer and require respondents to answer; that respondents could then attempt to show that the relationship of the parties had changed since that judgment, and that therefore petitioner was subject to the act.

Respondents challenge petitioner's plea of res judicata on the ground that the former action was not between the same parties as the proceedings pending before the commission—that the former action was one instituted in the superior court by the commission to recover contributions from petitioner under the California Unemployment Insurance Act, while the present proceedings are before the commission upon applications made by certain named women claiming to be employees of petitioner who were not parties to the former action. Respondents also assert that the petition filed in the present proceeding fails to state a cause of action, in that it appears that petitioner did not exhaust his administrative remedies before applying to the courts.

The trial court held that the question whether or not the present applicants before the commission worked under the same conditions as those considered in the prior action was one for initial determination by the commission, as provided by the act (Stats. 1935, ch. 352; Deering's Gen. Laws of California, 1939 Supp., Act 8780d, p. 1697); also that the applicants were not bound by the prior decision since they

were not parties to that action, and that for the commission to dismiss their applications without a hearing would leave them remediless.

We concur in those conclusions. It is obvious from the statements in petitioner's brief, as set forth above, that he seeks to transfer from the commission to the court the matter of determining initially whether the conditions under which the named women applicants worked justify giving them relief, and to transmute the proceeding before the commission to which the women applicants are parties, into one before the court to which they are not parties; to make the commission, which sits as a quasi judicial body to determine such questions, a party defendant in an action before the court to defend a determination which they have not yet made —that the applicants are employees entitled to relief—and, at the same time, preclude the possibility of a contention by the commission that said women applicants are entitled to relief by pleading res judicata in anticipation thereof. This petitioner may not do by any such proceeding.

A determination of whether the women applicants are entitled to relief is one to be made initially by the commission. Section 67 of the California Unemployment Insurance Act provides that, when claims are made for benefits under the act, "An initial determination on the claim shall be made and shall include a determination with respect to whether or not benefits are payable," etc. Such determination has not yet been made by the commission on the application pending before it. The courts cannot anticipate what its determination may be, or that it will be in violation of such rule as may have been laid down by the court in the prior action relied upon by petitioner, and enjoin the commission from making any determination, especially since it is not alleged by petitioner that it intends to or will make a determination in violation thereof. Petitioner is attempting to have the courts do here just what the Supreme Court said, in *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], they could not do—interfere with uncompleted administrative proceedings before the commission. It was said in that case, pages 291-292:

"The Unemployment Insurance Act, summarized above, contains a complete administrative procedure, with provision for one original determination and two appeals, fulfilling every requisite of due process of law. Until that administra-

tive procedure has been invoked and completed, there is nothing that the District Court of Appeal or any other court may review; it cannot interfere in the intermediate stages of the proceeding. The employers have no standing to ask for judicial relief because they have not yet exhausted the remedies given them by the statute. They still have their appeal to the commission, which appeal has not yet been decided adversely to them, and prior to the prosecution of this appeal they have no right to demand an extraordinary writ from a court.

"This is the doctrine of 'exhaustion of administrative remedies.' In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."

We are unable to see upon what appellant bases his contention that the commission is without *jurisdiction* to receive or consider the applications presented to it, or why it should be restrained from receiving or hearing such applications, and compelled by writ of mandate to dismiss them without a hearing. In receiving such applications, and in acting upon them, the commission is but exercising the authority given it by the statute. The fact that a court has held that under a state of facts presented to it certain persons were not employees of petitioner would not deprive the commission of *jurisdiction* to hold hearings upon future applications and determine whether applicants who may be taxi dancers in petitioner's place of business come within the rule laid down by the former decision. Such decision may have determined what decision the commission should make, that is, its adjudication upon such issues as were actually litigated and determined in that action may be binding upon respondents, but it could not have the effect of depriving the commission of the jurisdiction expressly conferred by the act to make a determination. It is not even averred by petitioner that respondents will hold, or that they threaten to hold, that the applicants before them are employees of petitioner, but merely that the commission continues to hear and pass upon the applications.

It is possible that in the proceedings before the commission facts not shown in the prior action before the superior court may be shown which justify a different conclusion such as was arrived at in *Matcovich* v. *Anglim,* 134 F.2d 834 (Cert. denied, 320 U.S. 744 [64 S.Ct. 46, 88 L.Ed. ——]). But

whatever the outcome of proceedings before the commission, if petitioner finds himself aggrieved by its final decision he may then seek redress in the courts by proper proceedings for that purpose (*Bodinson Mfg. Co.* v. *California Employment Commission,* 17 Cal.2d 321 [109 P.2d 935]); but until that body has acted finally the courts are without jurisdiction to interfere. (*Abelleira* v. *District Court of Appeal, supra; Gantner & Mattern Co.* v. *California Employment Commission,* 17 Cal.2d 314 [109 P.2d 932]; *Alexander* v. *State Personnel Board,* 22 Cal.2d 198 [137 P.2d 433].)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied May 19, 1944, and appellant's petition for a hearing by the Supreme Court was denied June 19, 1944. Shenk, J., and Schauer, J., voted for a hearing.