[S. F. No. 8193. In Bank.—February 13, 1917.]

NAPA VALLEY ELECTRIC COMPANY (a Corporation), Appellant, v. CALISTOGA ELECTRIC COMPANY (a Corporation), Respondent.

APPEAL FROM ORDER REFUSING INJUNCTION PENDENTE LITE—RESTRAINING ORDER PENDING APPEAL.—On an appeal from an order refusing an injunction *pendente lite* and dissolving a temporary restraining order, the appellate court has no power to make an order granting the restraining relief prayed for pending the determination of the appeal.

APPLICATION for a restraining order pending an appeal from an order of the Superior Court of Napa County refusing an injunction *pendente lite* and dissolving a temporary restraining order. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

U'Ren & Beard, for Appellant.

THE COURT.—The plaintiff commenced an action in the superior court to enforce specific performance of an alleged contract for the sale of certain property, and sought an injunction *pendente lite* restraining the defendant from disposing of the property pending the determination of the action.

The superior court having granted a temporary restraining order, on the hearing of the application for an injunction *pendente lite* made its order denying the same and dissolving the temporary restraining order. It refused the request of the plaintiff to continue in force the temporary restraining order pending the determination of the appeal from the order denying an injunction *pendente lite*.

The plaintiff has appealed from such order and now seeks from this court an order restraining the defendant, pending such appeal, from disposing of the property; in other words, it seeks from this court, pending the determination of the appeal, precisely the relief it sought to obtain from the superior court by an injunction *pendente lite*.

It was determined by this court in *Hicks* v. *Michael et al.*, 15 Cal. 107, 112, 114, that this court has no authority to

grant such relief. At the time of that decision our law, both constitutional and statutory, was substantially the same as it is now in all material respects. This decision has ever since its rendition been regarded by this court as determining this question, and it has been consistently followed by denying applications in all respects similar to this. In the case of *Platt* v. *City and County of San Francisco,* S. F. No. 5562, the question was squarely presented and given consideration. No opinion was filed by this court in that matter, but the application was denied because the court was satisfied with the correctness of the doctrine declared by *Hicks* v. *Michael, supra.* We see no reason to question the correctness of the decision in *Hicks* v. *Michael, supra.*

The application is denied.