[Civ. No. 10189. Second Appellate District, Division One.—January 14, 1935.]

MASCOT PICTURES CORPORATION (a Corporation), Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Gordon W. Levoy for Petitioner.

No appearance for Respondents.

THE COURT.—The above-entitled proceeding was a proceeding in the Superior Court of Los Angeles County, wherein the petitioner demanded a writ of review of an

order made by the municipal court after judgment of that court in an action wherein the petitioner Mascot Pictures Corporation was defendant. The judgment of the municipal court was a money judgment in the sum of $924.10. By order of date August 17, 1934, the municipal court vacated a previous order which had been made granting a new trial of the action. Defendant in that action (petitioner here) appealed to the superior court from said order of August 17th, which order was by that court affirmed.

By an independent proceeding the petitioner then applied to the superior court for a writ of review of said order of date August 17, 1934. From the petition now presented to this court, it appears that the superior court issued a temporary restraining order against the enforcement of the municipal court judgment, but the superior court thereafter sustained a demurrer of respondents to the petition for writ of review and denied a motion of petitioner to continue in effect the aforesaid restraining order "pending its intended appeal from the aforesaid judgment and order".

If a judgment denying the application for the writ of review or a judgment affirming the order of the municipal court has been entered, that fact does not appear by the present petition to this court. It only appears inferentially, if at all, by the statement that "proceedings on appeal are now pending" to this court. ■ Upon the proceedings set forth in the present petition to this court, and to which we have referred only in general terms, the petitioner asks for an order upon the municipal court to show cause why execution and enforcement of the judgment of that court should not be stayed pending appeal "from the judgment and order" in the writ of review proceeding in the superior court, and for a temporary stay until further order, pending hearing upon the order to show cause. In other words, the petitioner on appeal from the judgment or order made by the superior court in the proceeding for writ of review asks for a writ of *supersedeas* or injunction to stay proceedings on the municipal court judgment.

The writ of *supersedeas* would not be an appropriate remedy. That writ in its application is limited to the judgment from which an appeal is taken. It is an auxiliary process designed to supersede the enforcement of the judgment of the trial court brought up for review. But there

is not, in the judgment of the superior court from which petitioner has appealed (assuming that he has such appeal pending), anything to which an execution or other means of enforcement could apply. ▮ In reality, petitioner is asking this court to issue a writ of injunction to prevent and stay proceedings upon a judgment of the municipal court from which there is no right of appeal to this court. This court is without power to issue original writs except as it may have power to issue certain specified writs (of which injunction is not one), and ''all other writs necessary or proper to the complete exercise of their appellate jurisdiction''. (Const. Cal., art. VI, sec. 4b.) We are of the opinion that the issuance of the writ of injunction applied for in relation to the municipal court action is neither necessary nor proper to the complete exercise of the appellate jurisdiction of this court in the writ of review proceeding.

In arriving at the conclusion above stated, we have taken into consideration the decision rendered in *Martin* v. *Rosen,* 2 Cal. App. (2d) 450 [38 Pac. (2d) 855], relied upon by petitioner as authority supporting the application here made by him. It may be that upon the facts stated in that case, the court was justified in its holding that the writ of injunction there granted might properly be considered as a writ necessary and proper to the complete exercise of its appellate jurisdiction; but as to that question we refrain from expressing any opinion. In the case before us the facts are so far different that we decline to accept the decision in *Martin* v. *Rosen, supra,* as sufficient authority upon which to rest the issuance of the writ of injunction in this proceeding.

The application presented by the petitioner for writ of *supersedeas* or for writ of injunction is denied.