[L. A. No. 15219. In Bank.—June 28, 1935.]

FRANK McCANN et al., Appellants, v. UNION BANK & TRUST COMPANY OF LOS ANGELES (a Corporation) et al., Respondents.

Frank McCann, *in pro. per.,* for Appellants.

Loeb, Walker & Loeb for Respondents.

THOMPSON, J.—The plaintiffs, Frank and Corinne Mc-Cann, have made application to this court for a writ of *supersedeas* and an order restraining the enforcement of a judgment obtained against them in the municipal court of the city of Los Angeles by the Union Bank and Trust Company pending the determination of an appeal from an order made by the superior court in Los Angeles County in another action between the sames parties.

On April 6, 1933, the bank filed a complaint in unlawful detainer in the municipal court. On January 31, 1935, pursuant to a *remittitur* from the appellate department of the superior court, a judgment was entered against the McCanns and in favor of the bank for restitution of the premises. From this judgment the plaintiffs attempted to appeal but their undertaking was held insufficient.

On May 1, 1933, the plaintiffs instituted an action in the superior court to quiet title and for declaratory relief with respect to a deed of trust. The same real property is the subject of both actions and the parties are the same. The bank answered and also filed a cross-complaint in ejectment. This action was tried and submitted for decision on September 11, 1934. It is still under submission and undecided. The McCanns applied to the superior court for an injunction and an order restraining further action in the municipal court in enforcement or execution of the judgment in the unlawful detainer action, which application was denied on February 27, 1935. From the order denying that motion an appeal has been taken and is now before this court.

The petition under consideration seeks to obtain from this court, pending the determination of the correctness of the action of the court below, the relief denied by the superior court, a stay of execution on the judgment of the municipal court. This court has no jurisdiction to issue a writ of *supersedeas* in such a case. The operation of that writ is limited to the issuance thereof by an appellate court in aid of its appellate jurisdiction to stay proceedings on the judgment or order from which the appeal is taken. (*Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161]; *Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 304 [33 Pac. 123].) This petition does not seek restraint of the process of the court

the action of which is under review in the appeal pending before us.

Relying upon *Martin* v. *Rosen*, 2 Cal. App. (2d) 450 [38 Pac. (2d) 855], petitioners ask this court, in the exercise of its inherent power to preserve the fruits of an appeal, to interfere by injunction with the enforcement of the judgment of the municipal court. Such relief was granted by the District Court of Appeal in *Martin* v. *Rosen, supra,* on the theory that an injunction is one of the unenumerated writs which an appellate court has jurisdiction to issue, under article VI, section 4b of the California Constitution, when necessary and proper to the complete exercise of its appellate jurisdiction. In *Mascot Pictures Corp.* v. *Municipal Court*, 3 Cal. App. (2d) 559 [40 Pac. (2d) 272], the court refused to follow *Martin* v. *Rosen, supra,* on the ground that such relief was not necessary and proper to the exercise of its appellate jurisdiction. In *Martin* v. *Rosen, supra,* the relief sought and granted was an injunction restraining respondent from proceeding further in an action for the balance due under a contract, then pending in the municipal court, during the pendency of an appeal in the district court, taken from an order of the superior court sustaining without leave to amend a demurrer to petitioner's complaint in an action for recovery of the money paid over under the same contract on the ground of its illegality, petitioner having set up the illegality as a defense to the municipal court action. In *Mascot Pictures Corp.* v. *Municipal Court, supra,* the petitioner appealed to the superior court from an order of the municipal court vacating an order for a new trial, the order was affirmed and the petitioner then sought a writ of review in the superior court, which sustained a demurrer to his petition for such writ, at the same time denying a motion to continue in effect a temporary restraining order against enforcement of the municipal court judgment, pending appeal from the judgment and order in the writ of review proceeding. The district court was then asked to stay proceedings on the municipal court judgment by writ of *supersedeas* or injunction and the application was denied. These facts more closely parallel the situation in the instant case than do the facts in *Martin* v. *Rosen, supra.* However, in neither of these cases was the temporary relief sought identical with the issue to be decided on the pending appeal,

as it is in the instant case where the appeal is from the order of the superior court refusing to enjoin proceedings on the municipal court judgment.

■ This court has repeatedly denied the existence of original jurisdiction in injunction matters, refusing on that ground to grant temporary injunctive relief pending appeals from orders denying an injunction (*Hicks* v. *Michael,* 15 Cal. 107; *Southern Pacific Co.* v. *Smith,* 171 Cal. 8 [151 Pac. 426]; *Napa Valley Elec. Co.* v. *Calistoga Elec. Co.,* 174 Cal. 411 [163 Pac. 497]); to issue a *supersedeas* where the "effect would be that this court would grant the injunction which the court below refused to grant" (*Wollenshlager* v. *Riegel,* 186 Cal. 622 [200 Pac. 726]; or to stay the effect of a self-executing judgment (*In re Imperial Water Co. No. 3,* 199 Cal. 556 [250 Pac. 394]; *Rogers* v. *Superior Court,* 126 Cal. 183 [58 Pac. 452]; *Dulin* v. *Pacific Wood & Coal Co., supra; Tyler* v. *Presley,* 72 Cal. 290 [13 Pac. 856]; *In re Graves,* 62 Cal. App. 168 [216 Pac. 386]). These cases we consider to be determinative of the petition before us. The distinction attempted to be made in the opinion in *Martin* v. *Rosen, supra,* that the requested relief was not addressed to securing for the appellant the fruits of victory on appeal, is not a valid one. In the early case of *Hicks* v. *Michael, supra,* the argument of counsel was based on the inherent power of appellate courts to preserve the property which is the subject of the litigation before them from destruction and thus make effectual the right of appeal. The facts in the case of *Napa Valley Elec. Co.* v. *Calistoga Elec. Co., supra,* clearly disclose a similar object, to prevent the disposal of real property pending an appeal in an action to enforce specific performance of a contract of sale. The cases cited by the court in *Martin* v. *Rosen, supra,* in support of its action, involve the discretionary power of appellate courts to grant writs of *supersedeas* in cases where for some reason the statutory *supersedeas* has not operated. In so far as it is inconsistent herewith *Martin* v. *Rosen, supra,* is overruled.

The petition for the writ of *supersedeas* and restraining order is denied.

Seawell, J., Waste, C. J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.