[Civ. No. 15319.   First Dist., Div. Two.   Apr. 30, 1952.]

JACOB HAI SOLOMON, Respondent, v. RACHEL SOLOMON, Appellant.

Henry C. Clausen for Appellant.

Mueller & McLeod and Charles N. Douglas for Respondent.

THE COURT.—This is an application for a writ of supersedeas.

In an action in the Superior Court of San Mateo County wherein the respondent, husband, sued his wife (petitioner herein), for separate maintenance, an order was made on January 2, 1952, after notice and hearing, requiring her to pay him $75 a month ''as temporary alimony until the further order of this court, commencing on the 28th day of December, 1951.''

On January 10 petitioner appealed and filed an undertaking for $1,350 to stay the execution thereof.

On February 25, over a month before the record was cer-

tified or filed herein, petitioner filed in the Supreme Court an application for supersedeas which was transferred to this court on March 4, whereupon this court issued an alternative writ, returnable on April 14 which temporarily stayed all proceedings. The matter was then argued and submitted.

The clerk's transcript shows that on February 8 a minute order was made in the superior court reading as follows: "Order to show cause re fees & costs. . . . Both sides having filed a notice of appeal, it is hereby ordered that defendant pay $250.00 on account of costs and $2000.00 attorney fees to be split equally on account of each appeal."

While that order indicates that *both sides* had appealed, it apparently was a slip of the pen; it undoubtedly meant that of the $2,000 so allowed, $1,000 was allocated to this appeal (No. 15319) and $1,000 allocated to appeal numbered 15332, which had been taken by petitioner from an order made on October 24, 1951, by the Superior Court at San Francisco (Judge Morris) before the cause had been transferred to San Mateo County on appellant's motion for change of venue .

The clerk's transcript in 15319 certified by him on March 25th and filed herein on the 31st, contains a copy of his register of actions which fails to show *any appeal from the order of February 8*. Moreover, the petition contains no allegation that such appeal had been taken.

The petition contains the following allegation:

"9. Defendant cannot afford to continue filing further appeal bonds or to expend further costs to resist the repeated unjustified motions and orders to show cause which plaintiff persists in filing. Defendant believes such proceedings have been filed for the purpose of harassing defendant and for the purpose of enforcing the orders upon which her stay bonds have prevented plaintiff from having execution."

The prayer of the petition reads: "3. That the Superior Court . . . be ordered to desist and refrain from enforcing or attempting to enforce said order for support, dated January 2, 1952, or said order for attorneys' fees and costs on appeal, dated February 13, 1952, or any of the terms or provisions of either of them. . . ."

The net result of petitioner's application as it now stands is as follows:

1. An appeal is pending in this court (Civ. No. 15332) from Judge Morris' order of October 24, 1951, in which the record on appeal has been filed. When that appeal was

taken an undertaking for $4,725 was filed which stayed the execution of the order of October 24.

2. There also is *this* appeal (Civ. No. 15319), likewise pending in this court, taken from Judge Scott's order of January 2, on which an undertaking for $1,350 was filed which stayed the execution of the order of January 2.

3. *There is no showing of any appeal having been taken from the order of February 8.*

■  It is well settled that the power of an appellate court on supersedeas can be exercised only with respect to a judgment or order *then before the court on appeal.*

In the Imperial Water Co. case, 199 Cal. 556, 557 [250 P. 394] the court said: "It has been repeatedly held by this court that a supersedeas will issue only to restrain the court below or its officers from proceeding to enforce *a judgment pending appeal* and that such writ is limited to restraining any action under the authority of the court *upon the judgment appealed from.*"  (Italics added.)

In *McCann* v. *Union Bank & Trust Co.*, 4 Cal.2d 24, 25 [47 P.2d 283] the court said: "The operation of that writ is limited to the issuance thereof by an appellate court in aid of its appellate jurisdiction to stay proceedings *on the judgment or order from which the appeal is taken.*  (*Rosenfeld* v. *Miller*, 216 Cal. 560 [15 P.2d 161]; *Dulin* v. *Pacific Wood & Coal Co.*, 98 Cal. 304 [33 P. 123].)"  (Italics added.)

In *Stewart* v. *Hurt*, 9 Cal.2d 39, 42 [68 P.2d 726], the court quotes 23 Cal.Jur. 983 as follows: "A supersedeas, properly so called, is a suspension of the power of a trial court to issue an execution upon *a judgment appealed from,* or, if a writ of execution has issued, it is a prohibition emanating from a court of appeal against the execution of the writ."  (Italics added.)

See, also, *Whittell* v. *Renz*, 32 Cal.App.2d 282 [89 P.2d 668].

The orders of October 24, 1951, and January 2, 1952, are both before this court on appeal but since a stay bond was filed as to each of them nothing remains for this court to do with respect to either.

The order of February 8, 1952, is *not* before this court since, as far as the present record shows, it has not been appealed from.

For these reasons the allegations of the petition are insufficient to call for the issuance of a writ in this case.

The petition is denied, and the alternative writ heretofore issued is discharged.