[Civ. No. 8389.   Third Dist.   Mar. 11, 1953.]

JOHN PAUL LUMBER COMPANY (a Corporation), Respondent, v. SAMUEL A. AGNEW, Petitioner.

Brobeck, Phleger & Harrison for Petitioner.

Falk & Falk for Respondent.

THE COURT.—Petition for writ of supersedeas. Respondent, John Paul Lumber Company, brought action in the Superior Court of Del Norte County to quiet its title to a tract of timber land. It was successful in its suit and the trial court decreed it to be the owner of the property as against the claim of appellant Agnew. In addition to the decree quieting title, the trial court made an injunctive order which restrained Agnew from thereafter asserting any interest in the property. Agnew appealed from the judgment and the appeal is pending in this court. He has petitioned this court to issue its writ of supersedeas staying the enforcement pending appeal of that portion of the judgment appealed from which prohibits his assertion of interest in or claim to the property. It appears that the principal, if not the only value, of the lands in question derives from the timber thereon, and that since the rendition of the judgment appealed from certain persons are proceeding to cut and remove the timber. It is apparent that if, pending the appeal, material parts of the timber or perhaps all of it should be removed from the land the appeal, if successful, will fail of its purpose. Even though the appellant might have an action for damages against those who would have denuded the land, he would not have the property which was the subject of litigation and which therein he claimed to own.

It was held in *Wolf* v. *Gall*, 174 Cal. 140 [162 P. 115], that a prohibitive injunction issued in a quiet title action which restrained the party against whom the decree had been announced from asserting any claim to the land was not stayed by an appeal. It was further held that the assertion of such a claim, even by the institution of an action to restrain waste upon the land was a contempt of the court issuing the injunction. Petitioner, therefore, says that whosoever may desire to remove the timber from this land can now do so since he is helpless under the injunctive order of the trial court to protect his interest in any way, since howsoever he may do so he will be asserting a claim to the property and therefore will be violating the order of the court.

The purpose of the writ of supersedeas is to stay the

proceedings of the court below and thus to preserve the status quo until the appeal has been completed. (*Smith* v. *Smith*, 18 Cal.2d 462 [116 P.2d 3].) ▉ It issues only in aid of the reviewing court's jurisdiction. (*McCann* v. *Union Bank & Trust Co.*, 4 Cal.2d 24 [47 P.2d 283].) ▉ Although by the force of the appeal the enforcement in the trial court of that part of the decree quieting title in the lumber company is suspended, the injunctive orders, as we have seen, are not. ▉ It is well settled that appellate courts have power to issue writs of supersedeas in the exercise of their appellate jurisdiction where it is necessary to preserve the appellate jurisdiction and make it effective. (*Food & Grocery Bureau* v. *Garfield*, 18 Cal.2d 174 [114 P.2d 579]; *Ohaver* v. *Fenech*, 206 Cal. 118 [273 P. 555].)

▉ Under the circumstances shown here the writ should issue. The injunction depends entirely upon the validity of the decree quieting title, which decree is stayed by the appeal. The entire controversy is therefore still before the courts and undetermined. That the continued removal of timber could completely destroy the subject of appeal is clear. We see no need at this time of surrounding the issuance of the writ with conditions or requiring security therefor. If any action which petitioner begins in protection of his asserted rights include a prayer for injunction against cutting of the timber pendente lite, the court in which such action is begun may, if it grant such relief, properly protect those claiming the right to cut the timber by requiring an adequate undertaking. If this source prove for any reason to be inadequate this court can be appealed to.

Let a writ of supersedeas issue staying until further order of this court any process of the court below enforcing that portion of the judgment appealed from which prohibits the appellant Agnew, petitioner herein, from asserting any right, title or interest in and to the real property involved.