[Civ. No. 22713. Second Dist., Div. One. Dec. 18, 1957.]

R. W. AGNEW, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

R. W. Agnew, in pro. per., for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Ralph J. Eubank, Deputy City Attorney, for Respondents.

FOURT, J.—Plaintiff and appellant has petitioned this court for a temporary restraining order and an injunction pendente lite as to certain matters prayed for in the plaintiff's complaint in the superior court.

R. W. Agnew brought an action in the Superior Court in Los Angeles County against the above named defendants, wherein he sought, among other things, to restrain, enjoin and prohibit the defendants from enforcing with respect to

*Assigned by Chairman of Judicial Council.

plaintiff, a state licensed electrical contractor, certain provisions of the Los Angeles Electrical Code and certain provisions of the Municipal Code of Los Angeles. The matter of a preliminary injunction, a temporary restraining order and a general demurrer came on to be heard in due time, and the judge sustained the demurrer without leave to amend and denied the preliminary injunction and temporary restraining order. A judgment was thereafter ordered directing that the action be dismissed. The appeal is from the judgment of dismissal and the orders denying the injunction and the temporary restraining order. The appeal is now pending in this court.

We are of the opinion that the present motion of the plaintiff should be denied. In the case of *McCann* v. *Union Bank & Trust Co.*, 4 Cal.2d 24 [47 P.2d 283], the plaintiff-petitioner sought a writ of supersedeas and a restraining order. The court said, in determining the cause (at pp. 25, 27):

"The petition under consideration seeks to obtain from this court, pending the determination of the correctness of the action of the court below, the relief denied by the superior court, a stay of execution on the judgment of the municipal court. This court has no jurisdiction to issue a writ of *supersedeas* in such a case. The operation of that writ is limited to the issuance thereof by an appellate court in aid of its appellate jurisdiction to stay proceedings on the judgment or order from which the appeal is taken. . . .

"This court has repeatedly denied the existence of original jurisdiction in injunction matters, refusing on that ground to grant temporary injunctive relief pending appeals from orders denying an injunction (. . .); or to stay the effect of a self-executing judgment (. . .)."

It appears that the minute order denying the injunction was made prior to the judgment and that it is therefore probably not appealable. However, that question is not presently before us for determination.

The relief sought by the appellant in the present motion is in nowise "necessary or proper to the complete exercise of . . . appellate jurisdiction." The power of this court under the circumstances is set forth in article VI, section 4b of the Constitution, which reads in part as follows: "The said courts shall also have power to issue writs of mandamus,

certiorari, prohibition and habeas corpus, and all other writs necessary or proper to the complete exercise of their appellate jurisdiction. . . ."

The motion is denied.

White, P. J., and Drapeau, J.,* concurred.

*Assigned by Chairman of Judicial Council.