[Civ. No. 25463. Third Dist. Dec. 3, 1986.]

In re CHRISTY L., a Minor.
SACRAMENTO COUNTY DEPARTMENT OF SOCIAL WELFARE,
Petitioner and Respondent, v.
JAVIER L. et al., Objectors and Appellants.

754

COUNSEL

William P. Buchanan, under appointment by the Court of Appeal, for Objectors and Appellants.

L. B. Elam, County Counsel, and Kathryn A. Shurtleff, Deputy County Counsel, for Petitioner and Respondent.

OPINION

SIMS, J.—Among the parental rights terminated by a judgment entered pursuant to Civil Code section 232[1] is the right of visitation. (*In re Robert J.* (1982) 129 Cal.App.3d 894, 904 [181 Cal.Rptr. 188].) In this case we hold that a judgment pursuant to section 232 terminating visitation rights is effective pending appeal unless it is stayed by a court order.

### PROCEDURAL BACKGROUND

After a trial, judgment was entered declaring Christy free from appellants' custody and control pursuant to section 232. That judgment was appealed to this court,[2] was affirmed, and is now final.

During the pendency of the appeal, appellants filed in the trial court a motion for an order reestablishing visitation with Christy. The motion asked the trial court to exercise its discretion under Code of Civil Procedure section

---

[1]Statutory references are to the Civil Code unless otherwise indicated.

[2]We take judicial notice of our opinion in the related appeal, *In re Christy L.* (July 22, 1986, 3 Civ. 24184 (nonpub. opn.)). (Evid. Code, §§ 452, subd. (d)(1), 459.)

917.7[3] as to whether Christy's best interests would be served by permitting visitation pending resolution of the appeal.

In ruling on the motion the trial court had before it a memorandum prepared by the social worker assigned to the case concluding visitation was not in the child's best interest and recommending the motion be denied.[4] At the hearing on the motion appellant's counsel offered to call the father to testify as to the birth of their new child. The trial court ruled such evidence would not be relevant but indicated it would hear any relevant evidence counsel had to offer. Counsel declined the trial court's invitation, stating the position of the natural parents was clear. Thus, no evidence contradicted the social worker's conclusions.

With the social worker's uncontradicted memorandum the only evidence before it, the trial court denied appellants' motion to stay the judgment. They appeal; we shall affirm. We shall also conclude we are without authority to issue a writ of supersedeas to stay the section 232 judgment, which is now final.

---

[3]Code of Civil Procedure section 917.7 provides: "The perfecting of an appeal shall not stay proceedings as to those provisions of a judgment or order which award, change, or otherwise affect the custody, including the right of visitation, of a minor child in any civil action, in an action filed under the Juvenile Court law, or in a special proceeding, or the provisions of a judgment or order for the temporary exclusion of a party from the family dwelling or the dwelling of the other party, as provided in Section 4359 of the Civil Code. However, the trial court may in its discretion stay execution of such provisions pending review on appeal or for such other period or periods as to it may appear appropriate. Further, in the absence of a writ or order of a reviewing court providing otherwise, the provisions of the judgment or order allowing, or eliminating restrictions against, removal of the minor child from the state are stayed by operation of law for a period of 30 days from the entry of the judgment or order and are subject to any further stays ordered by the trial court, as herein provided."

[4]The memorandum provided in pertinent part that "It is believed that resuming visits at this time would be especially damaging to the minor now that parental rights have been legally terminated. During previous visits, the natural parents reportedly emphasized to Christy, that they were her 'real' parents, not the 'foster' parents. They also talked of getting her back. Resuming visits now would undermine Christy's sense of security and stability in the only home she can remember. [¶] When visits ended in March, 1984, the [foster adoptive] mother reports that Christy asked why she was not seeing Javier now. Since then, however, she has not mentioned her natural parents. It has been explained to her recently, however, that Carol and Javier are her birth parents, when Christy brought up questions regarding babies and pregnancy. Christy was asked in the presence of this Worker on July 18, 1985, if she remembered Carol and Javier. She said 'yes', but changed the subject and said nothing further regarding Carol and Javier. [¶] Christy is a bright, outgoing, and verbal child. She is developing normally and doing very well in her present home. It is felt that the best interests of the child would not be served by reintroducing the natural parents into her life at this time, as parental rights have already been terminated. Although the decision has already been appealed; Christy is in an excellent [foster adoptive] home where she has lived almost all of her life; and there is no plan to return Christy to the natural parents."

DISCUSSION

I

*A judgment terminating parental rights pursuant to section 232 terminates visitation rights pending appeal unless the judgment is stayed.*

██▄ ██ ██▀█ Appellants first contend their right of visitation is unaffected by the section 232 judgment.[5] The argument is without merit.

Section 232.6 provides in pertinent part: "A declaration of freedom from parental custody and control pursuant to this chapter terminates all parental rights and responsibilities with regard to the child." Among the parental rights terminated is the right of visitation. (*In re Robert J., supra*, 129 Cal.App.3d at p. 904.)

 Although a section 232 judgment terminates visitation rights once it becomes final, what is its effect while an appeal from it is pending? The question was not tendered in *Robert J.* but is answered by Code of Civil Procedure section 917.7, which provides in pertinent part that, "The perfecting of an appeal shall not stay proceedings as to those provisions of a judgment or order which award, change, or otherwise affect the custody, *including the right of visitation,* of a minor child in any civil action, in an action filed under the Juvenile Court Law, or in a special proceeding, . . . However, the trial court may in its discretion stay execution of such provisions pending review on appeal . . . ." (Italics added; see fn. 3, *ante;* see generally *Faulkner* v. *Faulkner* (1957) 148 Cal.App.2d 102, 106-107 [306 P.2d 585] [construing predecessor statute]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 178, pp. 190-191; see also *Guardianship of Phillip B.* (1983) 139 Cal.App.3d 407, 419, fn. 13 [188 Cal.Rptr. 781].) An action brought pursuant to section 232 is a "special proceeding." (*In re Rose G.* (1976) 57 Cal.App.3d 406, 415 [129 Cal.Rptr. 338]; see *In re Terry D.* (1978) 83 Cal.App.3d 890, 897 [148 Cal.Rptr. 221].) Thus, under Code of Civil Procedure section 917.7, a section 232 judgment terminating visitation

---

[5]County counsel has advised us that the underlying section 232 appeal has been concluded adversely to appellants, since the Supreme Court denied their petition for review on October 15, 1986. However, although this appeal may technically be moot, appellate courts have discretion to consider a case when the issues are of continuing public importance. (*Peterson* v. *City of San Diego* (1983) 34 Cal.3d 225, 227 [193 Cal.Rptr. 553, 666 P.2d 975]; cf. *Association for Retarded Citizens* v. *Department of Developmental Services* (1985) 38 Cal.3d 384, 388, fn. 1 [211 Cal.Rptr. 758, 696 P.2d 150].) The question of visitation on appeal from a section 232 judgment has not been resolved, and we have received requests for its resolution in other cases. We therefore conclude this question of recurrent interest should be addressed; county counsel's motion to dismiss the appeal is therefore denied.

rights is effective pending appeal unless it is stayed by the trial court in its discretion.

## II

*The trial court's refusal to stay the judgment was not an abuse of discretion.*

As we have noted, appellants' motion expressly requested that the trial court exercise its discretion to stay the judgment under Code of Civil Procedure section 917.7. Appellants now contend the trial court's denial of their motion was an abuse of discretion. We cannot agree.

Section 232, subdivision (b) states in relevant part that in actions to terminate parental rights, "the court . . . shall act in the best interests of the child." We think this standard properly controls the trial court's discretion to stay a section 232 judgment under Code of Civil Procedure section 917.7.

Here, the social worker's recommendation—that a cutoff of visitation was in the best interest of the child—was uncontradicted. The trial court's determination on a motion for stay under Code of Civil Procedure section 917.7 should not be disturbed by an appellate court absent a showing of abuse of discretion. (*Saltonstall* v. *Saltonstall* (1957) 148 Cal.App.2d 109, 115 [306 P.2d 492] [predecessor statute]; see *Smith* v. *Superior Court* (1974) 41 Cal.App.3d 109, 111, fn. 1 [115 Cal.Rptr. 667].) In ruling in accordance with the only relevant evidence before it the trial court did not abuse its discretion in refusing to allow visitation.

## III

*A writ of supersedeas will not issue to stay the underlying section 232 judgment which is now final.*

On November 20, 1986, after the California Supreme Court denied review of our opinion affirming the underlying 232 judgment, appellants filed a petition for writ of supersedeas asking this court to stay the section 232 judgment. Appellants allege they have filed a petition for writ of certiorari with the United States Supreme Court seeking review of this court's decision in the underlying section 232 case. However, we have no authority to issue the writ.

This court has authority to stay a judgment *pending appeal* by issuance of a writ of supersedeas. (Code Civ. Proc., § 923; Cal. Rules of Court, rule 49.) The writ of supersedeas is an aid to the appellate jurisdiction

of an appellate court; its purpose is to stay proceedings on the judgment or order from which an appeal is taken. (*McCann* v. *Union Bank & Trust Co.* (1935) 4 Cal.2d 24, 25 [47 P.2d 283].) An appellate court may issue a writ of supersedeas to stay a judgment or order only where an appeal from the judgment or order is pending. (*Solomon* v. *Solomon* (1952) 110 Cal.App.2d 660, 662 [243 P.2d 556]; 9 Witkin, *op. cit. supra*, § 223, pp. 230-231.) The opinion of this court affirming the section 232 judgment is now final. (See rule 24(a), Cal. Rules of Court.) Appellants' section 232 appeal is therefore no longer pending in this court. It is immaterial that appellants have filed a petition for writ of certiorari with the United States Supreme Court, because the filing of that petition has no effect on the finality of our opinion. (See *State of California* v. *Superior Court (Perry)* (1984) 150 Cal.App.3d 848, 859, fn. 9 [197 Cal.Rptr. 914].) Since no appeal from the section 232 judgment is pending in this court, appellants' petition for writ of supersedeas must be denied.

## DISPOSITION

The order appealed from is affirmed. The petition for writ of supersedeas is denied.

Evans, Acting P. J., and Sparks, J., concurred.