Filed 5/2/25; Supreme Court publication order 7/10/25 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CFP BDA, LLC, et al., | |
| Petitioners, | E085583 |
| v. | (Super. Ct. No. CVPS2201699) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| PETER BEDFORD et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandamus. Kira L. Klatchko, Judge. Petition granted.

Elkins Kalt Weintraub Reuben Gartside, Leanne Oates Vanecek; Anderson, McPharlin & Conners, Vanessa H. Widener and Ali Z. Vaqar, for Petitioners.

No appearance for Respondent.

1

Slovak Baron Empey Murphy & Pinkney and Shaun M. Murphy for Real Parties in Interest.

INTRODUCTION

Petitioners filed a petition for writ of mandate and supersedeas,[1] seeking an order directing the trial court to specially set their timely filed motion for summary judgment, or, in the alternative, summary adjudication (MSJ) for a hearing before trial. This court stayed proceedings and invited a response from respondent and real parties in interest (RPI's), notifying the parties that we were considering issuing a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178. Having received and considered RPI's response, along with the petition and exhibits filed by petitioners, we determine it appropriate to issue a peremptory writ in the first instance.

FACTUAL AND PROCEDURAL HISTORY

The case originates from a lawsuit filed against petitioners, who own and operate Bermuda Dunes Airport, by RPI's, owners of adjacent land who seek to impose an easement across the airport property. Trial was originally set for May 2, 2025. On November 14, 2024, petitioners reserved an April 1, 2025, hearing date for their MSJ through the Riverside Court Reservation System. The motion was filed and served on

---

[1] A writ of supersedeas is only available to stay underlying proceedings after an appeal has been filed in the Court of Appeal, and there is no appeal pending in this case. (See, e.g., *In re Christy L.* (1986) 187 Cal.App.3d 753, 758-759.) Nonetheless, we construe petitioners' use of the term "supersedeas" as a request for immediate stay pending our resolution of the petition for writ of mandate rather than a separate petition for writ of supersedeas.

RPI's via email on January 10, 2025, 81 days before the hearing date and more than 30 days before trial, pursuant to statute. (See Code Civ. Proc., § 437c, subd. (a)(2).)

Riverside County Local Rules require all represented civil parties to use the reservation system to schedule all motions. Effective July 1, 2024, the rules state:

> **"All moving documents shall be filed no later than ten (10) court days after the reserving party reserves the law and motion hearing date.** Law and motion reservations will be cancelled without further notice to the reserving party if the moving documents are not filed within ten (10) court days after the reservation is made." (Riv. County Local Rule 3310, bold added (Local Rule).)

Petitioners received notice on January 13, 2025, that their April 1 hearing date had been cancelled and their MSJ filing had been rejected because the moving papers were not filed within 10 court days of the hearing date being reserved. Petitioners reserved the next available MSJ hearing date, which was April 10, 2025, less than 30 days before trial, then applied ex parte to specially set the hearing date for April 1 or, alternatively, to specially set the hearing date less than 30 days from the trial date, on April 10. The court summarily denied the request without a hearing.

On January 22, 2025, petitioners moved to specially set the MSJ hearing for April 1 or any other day before trial on shortened notice, and also moved for relief from default in failing to timely file the motion pursuant to Code of Civil Procedure section 473. At the same time, petitioners reserved an April 29 hearing date and timely

3

filed and served the MSJ for that date.  RPI's opposed the motions, both of which were heard and denied on February 7, 2025.

STANDARD OF REVIEW

The rulings at issue are based on the court's management of its docket and are reviewed under an abuse of discretion standard.  (See *White v. Davis* (2023) 87 Cal.App.5th 270, 293.)  " 'An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.  [Citations.]  This standard of review affords considerable deference to the trial court provided that the court acted in accordance with the governing rules of law.  We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise.  [Citations.]' " (*Safeco Ins. Co. of America v. Superior Court* (2009) 173 Cal. App.4th 814, 832-833 (*Safeco*).)

DISCUSSION

Petitioners contend the trial court erred by refusing to set their MSJ for hearing as required by *Cole v. Superior Court* (2022) 87 Cal.App.5th 84, 88-89 (*Cole*) and other case law.  We agree.

There is no question that petitioners failed to comply with local court rules requiring that they file their MSJ within 10 days of reserving a hearing date.  In addition, petitioners chose to set the hearing at the latest possible date, 31 days before trial, and they filed the motion on the last statutory date for doing so.

4

However, the MSJ was filed within the statutory timeframe.[2]  "[A] trial court cannot refuse to consider a motion for summary judgment that is timely filed." (*Cole*, *supra*, 87 Cal.App.5th at p. 88.)  " 'Local rules and practices may not be applied so as to prevent the filing and hearing of such a motion.' " (*Ibid.*)  Calendaring issues are not a basis for refusing to hear a timely filed MSJ.  (*Ibid.*; see *Sentry Ins. Co. v. Superior Court* (1989) 207 Cal.App.3d 526 (*Sentry*) [where MSJ was not set for hearing because there were no available dates before trial, court was ordered to set a hearing and continue the trial].)

RPI's contend Local Rule 3310 does not conflict with Code of Civil Procedure section 437c, and did not prevent petitioners from timely filing their MSJ.  However, the application of Local Rule 3310 in this case caused petitioners' timely filed MSJ to be rejected and the statutorily compliant hearing date to be taken off calendar.

RPI's argue *Cole* and *Sentry* are distinguishable because in those cases the court's ruling was based on an impacted court calendar, whereas in this case petitioners were denied relief based on their failure to comply with Local Rule 3310.  However, given that Local Rule 3310 was developed to manage an impacted court calendar, and it has the practical effect of requiring litigants to prepare and file summary judgment motions

---

[2]  RPI's dispute that the MSJ was not timely *served*, because it was served electronically on January 10, 2025, the last date for personal service, and petitioners did not expressly ask RPI's to waive the additional two-day notice required for electronic service. (Code Civ. Proc., 437c, subd. (a)(2).)  However, petitioners' email to RPI's indicated they intended to deliver the motion by courier on January 10, 2025, unless RPI's agreed to accept electronic service in lieu of personal service.  Had RPI's not agreed to accept the MSJ via email, it would have been delivered personally on the due date.  Thus, we do not consider service to be untimely.

weeks or months earlier than statutorily required in order to reserve a timely hearing date, we see no basis for distinguishing this case from *Cole* or *Sentry*. Here, petitioners were not dilatory; they reserved a hearing date over six months ahead of time, which ensured such a date would be available, and they then complied with the statutes by filing their motion 81 days ahead of the hearing. If the trial court vacates the hearing date in this circumstance, it must permit another hearing date that complies with the statute. As such, the court's denial of petitioners' motion to specially set the MSJ for hearing was not "in accordance with the governing rules of law." (*Safeco*, *supra*, 173 Cal.App.4th at p. 832.) In this regard, the court abused its discretion by refusing to provide petitioners relief either in the form of a short extension of the trial date or a shortening of the time for hearing.

We are sympathetic to the difficulty trial courts face when trying to manage what is often an unwieldy calendar, and our decision should not be construed as a challenge to the validity of Local Rule 3310. Nonetheless, where the rule is applied in such a way that it prevents a timely filed MSJ from being heard, case law requires that the trial court make accommodations so the matter may be considered on its merits.

Because we find petitioners are entitled to relief through their motion to specially set the MSJ, we need not address the merits of petitioners' motion for relief from default pursuant to Code of Civil Procedure section 473.

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to (1) vacate its order denying petitioners' motion to specially set the motion for summary judgment, or, in the alternative, summary adjudication and (2) enter a new order granting the motion and setting a hearing for the motion for summary judgment on its merits. This decision shall be final in this court as of the date of filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The stay issued on March 18, 2025, is lifted. The parties shall bear their own costs. (Cal. Rules of Court, rule 8.493(a)(1)(B).)

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

7

Court of Appeal, Fourth Appellate District, Division Two - No. E085583

**S290871**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

_____

CFP BDA, LLC et al., Petitioners,

v.

SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;

PETER BEDFORD et al., Real Parties in Interest.

_____

As recommended by the Court of Appeal, the Reporter of Decisions is directed to publish the Court of Appeal opinion in the above-entitled matter in the Official Reports. (Cal. Rules of Court, rule 8.1120(c).)

_____

*Chief Justice*